UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                              CR 13-079 ML

SERIGNE DIOKHANE

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to "Reconsider Appointed Counsel on Appeal" (Docket #35). In his motion papers, Defendant asserts that he does not have sufficient funds to hire an appellate attorney. Defendant has submitted in support of his motion a financial affidavit dated July 1, 2014. At Defendant's request, that affidavit was filed under seal (Docket # 41).

At the time of his arrest and arraignment, Defendant was found eligible for court-appointed counsel. That determination, however, was based on an incomplete financial record then available to the Magistrate Judge. The federal public defender was appointed to represent Defendant. The federal public defender did, in fact, represent Defendant through trial, preparation of the Pre-Sentence Investigation Report ("PSR"), and sentencing hearing conducted by the undersigned on April 17, 2014. Prior to the sentencing hearing, the Court met with counsel and advised them that after reviewing the financial information submitted by Defendant in the PSR, it appeared to the Court that the determination of eligibility for court-appointed counsel was in error and that it was the intention of the Court to order Defendant to pay the cost of his court-appointed counsel. The federal public defender agreed to submit a record of this time spent in representing Defendant. Upon receipt of those time records, the Court imposed as a special condition of this probationary sentence that Defendant pay $625 per month for twelve

months to reimburse the costs of his court-appointed counsel. That decision was based on Defendant's report of $4000 per month gross earnings for himself and $1800 per month gross earnings for his wife. Defendant listed necessary monthly cash outflows of $1847. The Court notes that that figure includes $500 per month Defendant sends to his mother in Senegal, but it does not include any amount for groceries, health insurance, or clothing. Defendant did note that he sends "anywhere between $500 to $1000 per month home to family." Based on a positive monthly cash flow of $3953, the Court made the determination that Defendant could afford to pay for his court-appointed counsel.

In the affidavit submitted with his Motion to Reconsider, Defendant states that he earns $660 per week net (without overtime)", that his wife earns "$1800 per month gross", and that he has monthly expenses totaling $4352. Included in that amount is $1000 for "food and sundries" for himself and his wife and $500 "support to mother in Senegal." Defendant also has about $75,000 in a 401K account; he advises that the money in the 401K account is encumbered by a loan and that 401K rules doe not permit another loan. In his motion papers he asserts that "early withdrawal of these assets would result in a significant financial penalty."

According to the PSR, Defendant has been employed as a mechanic at Garelick Farms in Franklin, MA since March 2000. His W-2s show earnings of $46,699.69 in 2011 and $47,507.63 for 2012. An earnings statement for January 2014 verified his full-time pay as $22 per hour.

Although Defendant maintains that his earnings do not provide enough money to hire an appellate attorney, he has not stated what efforts, if any, he has made to secure counsel for his appeal, nor has he provided his most recent W-2 earnings statement. The Court also notes that he continues to send a significant sum to his family in Senegal each month. While the Court

finds Defendant's commitment to his family to be laudable, these sums are essentially disposable income which Defendant could use to hire an appellate attorney.

The Court is not convinced that Defendant is indigent. Therefore, Defendant's Motion to Reconsider is DENIED.


SO ORDERED:


*/s/ Mary M. Lisi*
Mary M. Lisi
United States District Judge
July 22, 2014